CHRISTOPHER CHIOU
Acting United States Attorney
Nevada Bar Number 14853
JIM W. FANG
Assistant United States Attorney
501 Las Vegas Blvd. South, Ste. 1100
Las Vegas, Nevada 89101
Phone: 702-388-6317
Email: jim.fang@usdoj.gov
*Attorneys for the United States of America*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:21-mj-1027-DJA |
| Plaintiff, | |
| v. | **STIPULATION FOR PROTECTIVE ORDER** |
| LUIGI J. MONTES, | |
| ALEXANDER HOYOS RIVERA, and | |
| PETER ALEXANDER STINCER, | |
| Defendants. | |

It is hereby stipulated and agreed, by and between Christopher Chiou, Acting United States Attorney, through Jim W. Fang, Assistant United States Attorney, Jess Marchese, Esq., counsel for defendant Luigi J. Montes, Ivette A. Maningo, Esq., counsel for defendant Alexander Hoyos Rivera, and Jacqueline M. Tirinnanzi, Esq., counsel for defendant Peter Alexander Stincer, that this Court issue an Order protecting from disclosure to the public any discovery documents containing the personal identifying information ("PII"), such as names, addresses, social security numbers, dates of birth, bank account numbers, and debit/credit card numbers, of victims and other third parties in this case. Such documents shall be referred to hereinafter as "Protected Documents." The parties state as follows:

1.   The charges in this case are based primarily on allegations that defendants conspired to commit unemployment insurance fraud by submitting unemployment claims using victims' PII. The government intends, in this case, to voluntarily produce limited Rule 16 discovery in order to facilitate pre-indictment resolution with defendants. Naturally, PII makes up a significant part of the discovery and such information, particularly in this case, has evidentiary value. Redacting all of the PII will result in the defense receiving a set of discovery materials that may be confusing and difficult to understand, and may make it challenging for defense counsel to adequately evaluate the case, provide advice to defendant, and prepare a defense.

2.   However, a crime victim has the right to be treated "with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). "In any court proceeding involving an offense against a crime victim, the court shall ensure that the crime victim is afforded" such right to privacy, among other rights. § 3771(b)(1).

3.   Subject to the conditions listed herein, the parties agree that the government will provide Protected Documents without redacting the PII. The government agrees that any discovery that does not contain PII, or in which all PII has been redacted, is not subject to the terms of this Protective Order.

4.   Access to Protected Documents will be restricted to persons authorized by the Court, namely defendants, their attorneys of record, and attorneys' paralegals, investigators, experts, secretaries, file clerks, law clerks, contractors, vendors, IT Department, and copy centers employed by the attorneys of record or performing on behalf of defendants.

5.   The following restrictions will be placed on defendants, defendants' attorneys and the above-designated individuals unless and until further ordered by the Court. Defendants, defendants' attorneys, and the above-designated individuals shall:

1          a.      Not make copies of the Protected Documents for, or knowingly allow copies of any kind of the Protected Documents be made for, any person that is not an authorized person, and will take reasonable steps to protect against allowing copies of any kind of the Protected Documents to be made for any person that is not an authorized person;

          b.      Not knowingly allow any other person to read the Protected Documents and will take reasonable steps to prevent any person that is not an authorized person to read the Protected Documents; and,

          c.      Not use the Protected Documents for any other purpose other than preparing to defend against the charges in the Complaint. To the extent defendants are indicted by a grand jury at a later date, this protective order will remain in full force and effect, and the parties will file the same protective order in the new case.

6.      Defendants' attorneys shall inform any person, to whom they disclose the Protected Documents or to whom they know defendant(s) have disclosed the Protected Documents, of the existence and terms of this Court's order. Further, defendants' attorneys shall take reasonable measure to inform any person, to whom disclosure may be made pursuant to this order, of the existence and terms of this Court's order.

7.      No party shall file Protected Documents with or submit them to the Court or reproduce their contents in any court filing unless the document or filing is placed under seal or the PII is redacted. The procedures for use of Protected Documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider measures such as redacting Protected Documents to remove PII and requesting that any exhibit containing PII be placed under seal. No party shall disclose Protected Documents in open court without prior consideration by the Court.

8.      Within seven days after the resolution of this matter by a defendant's guilty plea at a change of plea hearing, if such resolution does occur, such defendant shall return to defense counsel any and all copies of Protected Documents furnished to defendants.

9.      Within seven days after the resolution of this matter by a defendant's guilty plea at a change of plea hearing, if such resolution does occur, defense counsel shall direct all other authorized persons or others defense counsel has reason to believe have obtained copies of the documents, to return copies of Protected Documents to defense counsel's office.

10.      To the extent resolution of this matter is achieve through guilty plea, defense counsels may retain the Protected Documents until the completion of the final appeal in any criminal matters arising out of the charges in the Complaint, or if no appeal was filed, then the expiration of the statute of limitations for the filing of any final appeal of any matter, including collateral review. Thereafter, or to the extent resolution of this matter is achieved by the government's or the Court's dismissal of the Complaint, defense counsels shall return to government counsel or destroy all copies of Protected Documents in defense counsels' possession, including copies of Protected Documents previously in the possession of all authorized persons and returned to defense counsels.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

11.     Nothing contained in this motion and order shall preclude any party from applying to this Court for further relief or for modifications of any provision hereof.

Dated this 5th day of April, 2022.

CHRISTOPHER CHIOU
Acting United States Attorney

*s/Jim W. Fang*                              *s/ Jess Marchese*
JIM W. FANG                                  JESS MARCHESE, ESQ.
Assistant United States Attorney           *Counsel for Defendant Montes*
*Counsel for the United States*

                                          *s/ Ivette A. Maningo*
                                          IVETTE A. MANINGO, ESQ.
                                          *Counsel for Defendant Rivera*

                                          *s/ Jacqueline M. Tirinnanzi*
                                          JACQUELINE M. TIRINNANZI, ESQ.
                                          *Counsel for Defendant Stincer*

## **ORDER**

IT IS SO ORDERED this   6th   day of   April  , 2022.

_____
UNITED STATES MAGISTRATE JUDGE