JASON M. FRIERSON
United States Attorney
Nevada Bar Number 7709
JIM W. FANG
Assistant United States Attorneys
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Email: jim.fang@usdoj.gov
*Attorneys for the United States of America*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:21-mj-1027-DJA |
| Plaintiff, | ORDER to Continue the Preliminary Hearing (Fourth Request) |
| v. | |
| LUIGI J. MONTES, | |
| ALEXANDER HOYOS RIVERA, and | |
| PETER ALEXANDER STINCER, | |
| Defendants. | |

It is hereby stipulated and agreed, by and between Jason M. Frierson, United States Attorney, through Jim W. Fang, Assistant United States Attorney, Charles Medlin, Esq. and Jess Marchese, Esq., counsel for Defendant Luigi J. Montes, Ivette A. Maningo, Esq., counsel for Defendant Alexander Hoyos Rivera, and Jacqueline M. Tirinnanzi, Esq., counsel for Defendant Peter Alexander Stincer, that the preliminary hearing in the above-captioned matter, previously scheduled for October 3, 2022, at 4:00 p.m., be vacated and continued until a time convenient to the Court, but no earlier than 60 days from the current setting.

1.     Federal Rule of Criminal Procedure Rule 5.1(d) provides that "[w]ith the defendant's consent and upon a showing of good cause—taking into account the public interest in the prompt disposition of criminal cases—a magistrate judge may extend the time limits [for preliminary hearings] one or more times." Here, the parties desire to explore the potential to resolve this matter before defendants are formally charged by a criminal indictment.

2.     In that regard, the government has provided defense counsels with limited Rule 16 discovery in order to facilitate pre-indictment resolution. The parties are actively engaged in plea negotiations, and defendants have expressed need for additional time to review the discovery in order to explore the potential of reaching a pre-indictment resolution and, if said negotiations prove fruitless, to adequately prepare for indictment and trial.

3.     This continuance is not sought for the purposes of delay, but to provide the parties with additional time to negotiate a pre-indictment resolution.

4.     Defendants are not in custody and agree to the continuance.

5.     Denial of this request could result in a miscarriage of justice, and the ends of justice served by granting this request outweigh the best interest of the public and the defendants in a speedy trial.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

2

6. The additional time requested by this stipulation is excludable in computing the time within which indictment must be filed pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(b), and considering the factors under 18 U.S.C. § 3161(h)(7)(A) and (B)(i) and (iv).

DATED this 26rd day of September, 2022.

JASON M. FRIERSON
United States Attorney

 *s/Jim W. Fang* 
JIM W. FANG
Assistant United States Attorney
*Counsel for the United States*

 *s/ Jess Marchese* 
JESS MARCHESE, ESQ.
*Counsel for Defendant Montes*

 *s/ Ivette A. Maningo* 
IVETTE A. MANINGO, ESQ.
*Counsel for Defendant Rivera*

 *s/ Jacqueline M. Tirinnanzi* 
JACQUELINE M. TIRINNANZI, ESQ.
*Counsel for Defendant Stincer*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LUIGI J. MONTES,

ALEXANDER HOYOS RIVERA, and

PETER ALEXANDER STINCER,

    Defendants.

Case No. 2:21-mj-1027-DJA

**FINDINGS AND ORDER**

Based on the pending Stipulation between the defense and the government, and good cause appearing therefore, the Court hereby finds that:

1. The parties desire to continue the preliminary hearing to facilitate pre-indictment resolution, and the government has provided defense counsels with limited Rule 16 discovery for that purpose. The parties are actively engaged in plea negotiations, and defendants have expressed need for additional time to review the discovery in order to explore the potential of reaching a pre-indictment resolution and, if said negotiations prove fruitless, to adequately prepare for indictment. The Court finds good cause to continue the hearing to allow the parties to reach a pre-indictment resolution.

2. Both counsels for defendants and counsel for the government agree to the continuance.

3. Defendants are not in custody and agree to the continuance.

4. The continuance is not sought for the purposes of delay, but to allow defense counsel an opportunity to examine the merits of this case before a potential resolution can be reached between the parties.

5. Denial of this request could result in a miscarriage of justice, and the ends of justice served by granting this request outweigh the best interest of the public and the defendants in a speedy trial.

6. The additional time requested by this stipulation is excludable in computing the time within which indictment must be filed pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(b), and considering the factors under 18 U.S.C. § 3161(h)(7)(A) and (B)(i) and (iv).

THEREFORE, IT IS HEREBY ORDERED that the preliminary hearing in the above-captioned matter currently scheduled for October 3, 2022, at 4:00 p.m. be vacated and continued to December 5, 2022, at 4:00 p.m., Courtroom 3A.

DATED this 26th day of September, 2022

_____
HONORABLE DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE